No. 21269.

LLOYD C. AXEL AND EMILY A. AXEL *v.* H. H. HANKINS
FINANCE COMPANY, A CORPORATION.
(424 P.2d 760)

Decided March 13, 1967.

HACKETHAL and McNEILL, for plaintiffs in error.

ROBINSON and ROBINSON, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Moore.

On November 23, 1960, one Lucille M. Fernung was indebted to the H. H. Hankins Finance Company, hereinafter referred to as Hankins, in an amount substantially in excess of $700. A diamond ring was held by Hankins as a pledge to secure payment of the debt owed by Fernung. On that date the following instrument was executed between the plaintiffs in error, Hankins, and Lucille M. Fernung:

"I hereby promise to provide Emily A. Axel or Lloyd C. Axel with a bill of sale after she/he has paid the H. H. Hankins Finance Company a sum in the amount of $700.00 on my account No. R-6482, dated May 2, 1960.

"At that time the H. H. Hankins Finance Company promises to release my 1.4K Ladies Diamond Ring providing that the account of Lucille M. Fernung is paid off in full.

"Lucille M. Fernung this date promises to pay the H. H. Hankins Finance Company the difference between $700.00 and the present balance plus charges within 30 days from this date.

/s/ Lucille M. Fernung
/s/ Lloyd C. Axel
The H. H. Hankins Finance Co.
/s/ F. W. Goodel."

Over an extended period of time after the date of the foregoing document, Lloyd C. Axel paid the full sum of $700 to Hankins and it was all credited to the debt owed by Fernung. However, Fernung failed to pay off the amount due in excess of the $700 paid by Axel. Axel demanded delivery of the diamond ring which was being held as security by Hankins. The demand was refused, and this action was thereupon filed by the Axels against Hankins seeking "to be compensated in damages or in the alternative that the contract be reformed and that just relief be granted in the premises."

A jury was selected to try the issues framed by the

pleadings, and at the conclusion of the evidence offered by the Axels the motion of Hankins for dismissal of the action was granted, and judgment entered in favor of Hankins.

The instrument relied upon by the Axels contained no agreement or promise on the part of Hankins to deliver the ring to the Axels when the sum of $700 was paid. The contrary affirmatively appears. The promise of Hankins was to release the ring "providing that the account of Lucille M. Fernung is paid off in full." Hankins is under no obligation to deliver the ring until the Fernung debt is paid. The failure of Fernung to fulfill the promise which she made to pay the balance due above $700, within thirty days, does not give rise to any additional obligation on the part of Hankins.

If Lloyd and Emily Axel suffer a loss it can only be recovered from the party in default in performance of her contractual obligation. Hankins has not failed to perform any part of its agreement.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE McWILLIAMS and MR. JUSTICE HODGES concur.